ELLIS, Judge.
This is a suit for damages arising out of an automobile accident which happened on October 26, 1966, in which plaintiff, Mrs. Eunice Phillips, was injured. From a judgment awarding her $2,000.00 for her personal injuries, Mrs. Phillips has appealed, asking an increase in the award. Since liability is not in question in this court, the only question before us is the adequacy of the award.
Plaintiff complained of pain in her neck and back and chest. She was found to have muscle spasm in the neck and back, and tenderness in her chest. X-rays revealed no damage to the bones. She was not hospitalized and received no therapy from her doctor. She was treated with rest, medication for pain, muscle relaxants and application of heat to her neck and back. Her doctor felt that, in addition to a sprain of the neck and back muscles, she had suffered a bruised kidney, for which he prescribed anxymes to speed the healing process. He recommended a neck brace, which Mrs. Phillips testified she wore for one or two months.
She was seen by her doctor at intervals from October 28, 1966, when she first saw him, until May 24, 1967, the date of her last visit. During that time, her condition improved steadily. At the date of her last visit to the doctor, she had only slight stiffness in the neck and back. The doctor testified that the tenderness over her liver was not “real marked”. He told her to return if she needed attention, and she did not do so.
It is apparent that Mrs. Phillips had to curtail her activities,^ after the accident. She was unable to do heavy manual labor around the farm she and her husband kept, and she sold off some livestock which she had been tending, because she was unable to look after it. On the other hand, she continued to do her housework, and some work outside.
Mrs. Phillips herself tesified that she was still suffering at the time of the trial, one year after the accident; that it hurt her neck and back to sit up; that she had trouble if she had to drive too long; that her liver bothered her if she had to do any heavy lifting. The district judge noted some inconsistencies between her testimony and that of her doctor, and with a deposition that she had previously given.
Her own doctor felt that she was disabled for about four months, and that she would suffer no residual disabilities.
In support of her contention that the award made to' her was inadequate, we are cited to a number of decisions rendered by this court in recent years. Our review of these cases, and others not cited by appellant, convinces us that, under all of the circumstances of this case, the award made by the trial court does not constitute a breach of the great discretion vested in the trial judge in the determination of damages.
The judgment appealed from is, accordingly, affirmed, at plaintiff’s cost.
Affirmed.